# LAW OFFICES OF JILL R. SHELLOW

---

Telephone: 212.792.4911 / Fax: 212.792.4946 / jrs@shellowlaw.com
All correspondence to: 80 Broad Street, Suite 1900, New York, NY 10004

April 24, 2020

**BY ECF AND EMAIL**          **MEMO ENDORSED**
The Honorable Laura T. Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
SwainNYSDCorresp@nysd.uscourts.gov

  RE:   *United States v. Alin Hanes-Calugaru*, 19-cr-651 (LTS)

Dear Judge Swain:

  This letter replies to the Government's Opposition to the release of Alin Hanes-Calugaru on bail and requests a brief adjournment of the telephonic hearing presently scheduled for Monday, April 27 until a date on or after May 1, 2020.

  The Government concedes that Mr. Hanes "was on the MDC initial list of individuals whom it categorized as higher-risk with respect to COVID-19." *See* Government Opposition, Apr. 23, 2020 ("Govt. Opp.") at 6.[1]  The Government then advises Your Honor that "the list was updated in accordance with guidance from the Centers for Disease Control and Prevention ("CDC") and Hanes is no longer on the list. *Id*.  The "initial list" was provided by the BOP to the Federal Defenders of New York, at the request of Chief Judge McMahon, on March 26, 2020.  Yesterday, I asked the Federal Defenders about the updated list and was told that their office has not received an "updated" list.  Federal Defenders believes such a list exists, but does not know the basis on which the list was updated, or whether, for example, the BOP consulted with a medical specialist before removing inmates from the initial list.  In addition, the Federal Defenders has informed me that even the initial list omitted some chronically ill inmates at MDC who have conditions such as Chronic Obstructive Pulmonary Disease (COPD) that would clearly bring them

---

  [1] The page number refers to the PDF page number on the unredacted version of the Government's Opposition that was provided to the Court by email because the pages of the letter are not numbered.

**Connecticut Office**: 2537 Post Road, Southport, CT 06890 / Tel: 203.258.1463 / Admitted: NY, CT, DC

**Honorable Laura Taylor Swain**
**United States District Judge**
April 24, 2020
Page 2

within the CDC's criteria of heightened risk. For these reasons, while the initial list and updated list may be informative, they do not appear to be definitive.[2]

On a related issue, as Your Honor no doubt knows, because of COVID-19 there is now a Protocol for Attorney Calls and Teleconference Hearings at the MCC, MDC and GEO, Apr. 8, 2020 ("the Protocol"). The Protocol is attached as Exhibit A. The Protocol provides for 30 minute attorney calls to take place between 1:00 PM and 3:30PM Monday through Friday. *See* ¶¶ 3(a), 13, 13(a).

I requested a call with Mr. Hanes at any time in the afternoon on either Thursday, April 23 or Friday, April 24. At 10:30 AM, yesterday I received a call from MDC stating that my legal call with Mr. Hanes was ready. After about 15 minutes, Mr. Hanes was told that the call was over. Twice I asked to speak with the officer. Although he refused to come to the telephone, the officer granted two requests for more time totaling eight minutes. We had not finished conferring when Mr. Hanes was told that the call was terminated. Accordingly, I respectfully request (1) an adjournment of the hearing on Mr. Hanes' application to a date not before May 1, so that I can finish conferring with my client,[3] (2) an opportunity to file a supplemental reply to the Government's Opposition, and (3) an Order that the Government advise MDC that its failure to abide by the provisions of the Protocol has caused a delay in this matter that wastes everyone's time--the Court's, the Government's and defense counsel's—as well as infringes on Mr. Hanes's Sixth Amendment rights.

Thank you for your consideration.

The hearing is adjourned to May 4, 2020, at 2:30 pm. Counsel may file a supplemental reply to the Government's Opposition by May 1, 2020, at 12:00 pm noon. The Government is directed to bring the noncompliance with the conferencing protocol to the MDC's attention and file a written explanation by April 27, 2020, at 12:00 pm noon. The Court will make inquiries concerning the list.
DE # 244 resolved. SO ORDERED.
4/24/2020
/s/ Laura Taylor Swain, USDJ

Respectfully submitted,

Jill R. Shellow
*Attorney for Alin Hanes-Calugaru*

Attachment: Exhibit A

---

[2] I also respectfully request that Your Honor Order the Government to provide the updated list to the Federal Defenders to avoid other delays such as this and facilitate any appropriate applications on behalf of inmates whom the BOP concedes are at high risk.

[3] I have made a request to speak again with Mr. Hanes anytime on Wednesday, April 29 or Thursday, April 30, the earliest days that I can be available, because I have calls scheduled with other clients on Monday and Tuesday and cannot anticipate when during the day I will receive the call from Mr. Hanes.

**PROTOCOL FOR ATTORNEY CALLS AND TELECONFERENCE HEARINGS
AT THE MCC, MDC, AND GEO
April 8, 2020**

1. This protocol has been developed to deal with the fact that, for reasons relating to health and safety within the MCC, MDC and GEO:

   - Unless the Court specifically orders physical production, which should be only in extraordinary circumstances, inmates are not being produced to court and therefore cannot make use of video conferencing equipment that has been set up in the cell blocks for the purposes of allowing inmates to participate by video in court proceedings, and

   - Inmates are not routinely being moved within the facility off the units in which they are housed, and therefore are not being taken to the locations within the MCC and the MDC, including but not limited to the attorney visiting rooms, that might otherwise be used to facilitate teleconferencing of court proceedings.

2. This protocol shall not be construed to reflect the views of any party or any Court with respect to the issues and arguments in *Federal Defenders of New York, Inc. v. Federal Bureau of Prisons, et al.*, No. 19 Civ. 660 (E.D.N.Y.), or any other litigation, either currently pending or later filed. The parties to this protocol reserve all rights and arguments they may have, and shall not submit, or rely upon, this protocol in any litigation.

3. Effective Monday, April 13, 2020, all three facilities shall establish dedicated hours to allow court appearances by telephone and video capability (hereinafter referred to as "videophone"). It is understood that both MCC and MDC are currently working to increase videophone capability, but that access to inmates is needed immediately. Therefore, this protocol sets forth for each facility one plan to begin immediately, and another plan to begin once the videophone equipment is expanded.

    a. In the MDC: MDC shall accommodate up to three one-hour court appearances in the morning and at least six half-hour attorney calls or calls with Pretrial or Probation in the afternoon and evening per floor. Prior to the expansion of videophone capability, between the hours of 9 AM and 12 noon Monday through Friday one telephone per floor of MDC shall be dedicated for inmates to appear in court proceedings. Between the hours of 1 PM and 3:30 PM, two telephones per floor will be used for Probation and Pretrial interviews and for attorney calls. After the expansion of videophone capability, each of the floors will be equipped with videophone equipment, which will be used for the court appearances and non-court calls, as discussed above. The MDC will ensure that the female inmates, who are housed in a separate building, either have a dedicated videophone or can be regularly brought to elsewhere in the institution for court proceedings and non-court calls. Inmates in the SHU will have the telephone brought to their cells, or they will be brought to the SHU videoconferencing room, for court proceedings and for non-court calls.

    b. In the MCC: Prior to the expansion of videophone capability, the telephone in the unit manager's office in each unit shall be dedicated for inmates to participate in three one-

1

       hour court proceedings in the morning and up to four half-hour attorney calls and Probation and Pretrial interviews in the afternoon between 1 PM and 3:30 PM. There is a unit manager's office equipped with a telephone inside each of the ten housing units at MCC. After the expansion of videophone capability, eight of the units that have a social visiting room attached to them (which is all of the units except Unit 3, which is currently housing inmates in isolation, and the women's unit) shall receive a videophone that will be used for court proceedings during the morning and for Probation and Pretrial interviews and attorney calls in the afternoon. MCC shall accommodate up to three one-hour court appearances in the morning in each room and up to four half-hour attorney calls or calls with Pretrial or Probation in the afternoon in each room. The MCC will either place a dedicated videophone on the women's unit or ensure that the female inmates have regular access to another videophone in the institution for court proceedings and non-court calls. Inmates in the SHU will have a telephone brought to their cells or be brought to the counselor's office so that they can participate in court proceedings and have scheduled non-court calls.

    c. In GEO: The GEO facility already has two videoconferencing rooms that it can dedicate to remote court appearances in the morning and attorney calls and Probation and Pretrial interviews in the afternoon. GEO is not expecting to receive additional video conference devices. At this time, this equipment appears to be sufficient to meet the needs of court and counsel, but this is subject to further review.

    d. MDC, MCC, and GEO shall keep a log that tracks all attorney calls and Probation and Pretrial interviews, including when the call was requested, when the call was approved, whether the call was attempted, whether the call connected, and the approximate length of each call.

4. After the expansion of videoconference capability at the MCC and MDC, a private room on each floor must be equipped with a telephone, and a videophone to the maximum extent possible, in order to connect to an AT&T Conference Call or other Court provided conference call number and to the Court's Cisco Videoconference Bridge. Assuming the technical details can be worked out, the videophone will be used so that court appearances can be facilitated through CourtCall or Cisco Jabber. To the extent possible, the court conference will be conducted pursuant to a conference call platform that has the ability to provide for both (i) communication between the inmate, the inmate's counsel, the court, the United States Attorney, the Defendant, and interpreter (if needed) and a court reporter; and (ii) private "breakout sessions" between the inmate and the inmate's counsel. Should the platform not have that capability, the telephone must be used to provide private breakout sessions between the inmate and counsel.

5. Corrections staff may be present for all public portions of the court appearance. If the Court permits a private conversation between the inmate and his/her attorney, BOP/GEO staff must exit the room and close the door but may remain outside in a way that allows them to visually monitor the inmate for security reasons.

6. Except as set forth in Paragraph 10, not later than the Monday one (1) week before the week of the requested court appearance (e.g., for a court appearance for the week of April 27, April 20) any judge who wishes to have a defendant participate in a court proceeding shall give

Case 1:19-cr-00651-LTS Document 244-1 Filed 04/24/20 Page 5 of 7
Case 1:19-cr-00651-LTS Document 246 Filed 04/24/20 Page 5 of 7

Protocol for Attorney Calls and Teleconference Hearings • April 8, 2020

Ruby Krajick (212-805-0150 and NYSD_Remote_Calendar@nysd.uscourts.gov) for the SDNY and Doug Palmer (718-613-2271 (o), 646-772-5482 (c), and Douglas_palmer@nyed.uscourts.gov) and Brenna Mahoney (917-533-4308 and brenna_mahoney@nyed.uscourts.gov) for the EDNY (or any other person designated by the relevant Clerk of Court) the following information: name of defendant; name and number of case; name of AUSA and defense counsel; nature of proceeding; whether an interpreter is required; the estimated time to complete the proceeding; the date and start time preferred for the proceeding; and, if defense counsel wishes to speak to the client for 15 minutes beforehand, defense counsel's telephone number. Proceedings shall be scheduled to begin at 9:00 a.m., 10:30 a.m., or 12:00 p.m. to ensure adequate time for the proceeding itself, communication between the defendant and counsel, and cleaning between proceedings.

7. Priority shall be given to the following proceedings: sentences, especially those that might result in a sentence of time served; guilty pleas; Curcio hearings; arraignments following an indictment; appointments and substitutions of counsel; and initial detention hearings.

8. Not later than Tuesday morning one week before the week of the proceeding, each Court shall communicate the list of proceedings for one week hence, with the judge's requested date and time, to the following individuals:

    (i) at MCC: Nicole McFarland, nmcfarland@bop.gov, (646) 836-6455, and Adam Johnson, a10johnson@bop.gov, (215) 521-7380.

    (ii) at MDC: Carmen Bethune, SIS Lieutenant, cbethune@bop.gov 718-840-4200 x5129, and Sondra Miller, Special Investigative Agent, s5miller@bop.gov 718-840-4200 x 5125, with a copy to Holly Pratesi, Legal Counsel, hpratesi@bop.gov, 718-840-4200, x4744.

    (iii) at GEO: William Zerillo, Warden, wzerillo@geogroup.com, (718) 902-2867.

9. Not later than Thursday morning 1 week before the week of the proceeding, the jail representatives shall confirm the requested dates and times by facility and by unit. If honoring the request from the court would result in a unit having more than 3 "court appearances" in a single day, the jail can reschedule requested proceedings to another day, in consultation with Court staff. In addition, if any requested court proceeding involves an inmate who is in isolation due to COVID-19 concerns then the jail shall notify the Court and the Court, the jail, and counsel for the defendant shall confer regarding whether the proceeding can be adjourned and, if not, whether the defendant can be safely transported to participate in the court proceeding on the requested date. All efforts shall be made to honor the week requested, even if the particular day/time cannot be honored. The reformulated list, which ensures that no unit has more than 3 court appearances scheduled for a single unit in a single day, will be returned to the relevant Court official referenced in Paragraph 6 above, who will notify the judge of the time assigned for the court proceeding. Chambers is responsible for notifying counsel, court reporters, interpreters, etc. of the date and time of the appearance, and for providing information on how to access the Court conference call. BOP/GEO is responsible for producing the inmate to the room on time and contacting defense counsel 15 minutes in advance, if requested.

Case 1:19-cr-00651-LTS Document 244 Filed 04/24/20 Page 6 of 7

Protocol for Attorney Calls and Teleconference Hearings • April 8, 2020

10. Emergency requests may be made by the court for any day and any unit to either substitute one proceeding for another or to schedule a new proceeding if fewer than 3 court appearances have been scheduled that day for that unit. Such requests shall be made by the relevant Court official referenced in Paragraph 6 above to the relevant jail official referenced in Paragraph 8 above. The jail will use its best efforts to accommodate these requests, and will advise the Court if such a request is not feasible.

11. Defense counsel will be able to speak by telephone to the defendant for 15 minutes prior to any court proceeding. This access will be accorded via the telephone in the dedicated room. The correctional officer or other BOP staff member who escorts the defendant to the dedicated room will place the call directly to defense counsel (at a number that defense counsel must provide to the judge's deputy at the time the court proceeding is scheduled; this number will be provided to the BOP facility at the same time that the court proceeding is scheduled with the facility).[1] Should defense counsel not need to use the 15-minute pre-proceeding slot for a particular proceeding, defense counsel should so advise the deputy so this may be included in the scheduling request to the facility. There must be at least 15 minutes between court appearances and any requested attorney conference associated with the next scheduled conference to allow the surfaces in the room to be sanitized. Although all judges will be encouraged to respect the time limits, if an appearance runs long, BOP/GEO will make its best effort to inform the judge holding any subsequent appearance in that room that day that his/her proceeding will be delayed (if possible) or rescheduled, and the judge's staff will advise the parties accordingly.

12. Courtroom deputy clerks or chambers staff are responsible for ensuring that a court reporter and an interpreter (if required) are available for the call, and for setting up the teleconference.

13. The afternoon is reserved for "non-court calls." Non-court calls include calls between attorneys and their clients, or between Probation and an inmate; or between Pretrial Services and an inmate. If a non-court call is requested with an inmate who is in isolation due to COVID-19 concerns then the jail shall notify the requestor, and the jail and the requestor shall confer regarding whether the call can be adjourned and, if not, whether the defendant can be safely transported to participate in the call on the requested date. If the jail and the requestor cannot reach an agreement, then an application can be made to the district court judge presiding over the underlying criminal matter for an order requiring the call. Scheduling of non-court calls will be facilitated by Federal Defenders, which will provide an email address in each district for attorneys and Court personnel to send scheduling requests. By noon on every Friday, the MCC and MDC will each provide a confidential list of inmates by unit to the Court representatives identified in Paragraph 6 and the Federal Defenders, which neither the Courts nor the Federal Defenders will distribute and which will be used only for the scheduling of Court appearances and non-court calls. Federal Defenders will prioritize calls for upcoming court proceedings and filing deadlines. Federal Defenders will provide BOP with the schedule of calls for each unit for a given afternoon at least two days in advance of the scheduled calls. If a need for a call arises on an emergency basis (*e.g.,* if the Court needs a quick answer to a question that requires communication with a detainee), the court agency or lawyer will notify Jennifer Brown in the SDNY (Jennifer_Brown@fd.org) or Deirdre von

---

[1] If an attorney requests a conference, it will occur in the 15 minutes prior to the start time of the court proceeding (i.e., 8:45 for a 9:00 proceeding; 10:15 for a 10:30 proceeding; and 11:45 for a 12:00 proceeding).

4

Case 1:19-cr-00651-LTS Document 244-1 Filed 04/24/20 Page 7 of 7

Protocol for Attorney Calls and Teleconference Hearings • April 8, 2020

Dornum in the EDNY (Deirdre_vondornum@fd.org), and Federal Defenders will work with BOP to arrange such calls regardless of the 48 hour notice period.

a. In the MDC: MDC can accommodate up to three one-hour court appearances in the morning for each floor and up to six half-hour attorney calls or calls with Pretrial or Probation in the afternoon for each floor. MDC staff will use their best efforts to schedule "non-court calls" in the afternoon, but may schedule a call during the 9 AM – 12 noon period, if necessary to achieve the 6 calls per day, with prior notification to the defense counsel of when the call will occur. MDC also anticipates receiving additional staffing and, when the additional staff arrives, MDC will review its capacity and increase the number of legal calls per day if possible.

b. MCC: MCC can accommodate up to three one-hour court appearances in the morning for each unit and up to four half-hour attorney calls or calls with Pretrial or Probation in the afternoon for each unit.

c. GEO: GEO can accommodate up to three one-hour court appearances in the morning in each room (for a maximum of six) and up to four half-hour attorney calls or calls with Pretrial or Probation in the afternoon in each room (for a maximum of eight).

14. Nothing in this protocol prohibits the use of other telephones on the unit for legal calls with counsel, or with Probation or Pretrial Services.

15. Subject to demand, SDNY will schedule court proceedings at the MCC on Monday, Wednesday and Friday and at the MDC on Tuesday and Thursday. EDNY will schedule court appearances at the MDC on Monday, Wednesday and Friday and at the MCC on Tuesday and Thursday. Either district may schedule court appearances at GEO on any day.

16. All parties agree that the foregoing procedures may be modified as needed and, in any event, shall be reviewed in the first instance in two weeks and at least every six weeks thereafter, with the goal being to increase the number of court appearances and non-court communications provided above. BOP and GEO will provide the data collected on requests received and calls made to the Courts and the Federal Defenders on a weekly basis.