UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -against- | 19-cr-651 (SHS) |
| ALIN HANES CALUGARU, | |
| Defendant. | Order |

SIDNEY H. STEIN, U.S. District Judge.

Pursuant to a plea agreement with the Government dated May 24, 2022, defendant agreed to forfeit to the United States the sum of $928,427.96, representing the amount of proceeds traceable to defendant's commission of the crime of conspiring to commit wire fraud and bank fraud that defendant personally obtained. (ECF No. 1087.) The Government also identified a specific asset belonging to defendant, namely "7,975.00 in U.S. currency seized from the Defendant on or about October 10, 2019 at the time of his arrest in North Miami Beach, FL." (ECF No. 1373.)

On February 14, 2023, this Court entered a preliminary order of forfeiture pursuant to 21 U.S.C. § 853(p) as to that substitute asset—the $7,975.00. (ECF No. 1375.)

On May 3, 2023, defendant submitted a letter to the Court contending that the $7,975.00 seized actually belongs to his parents and asked the Court to return that sum to them. (ECF No. 1449.) Because defendant alleges that the $7,975.00 belongs to his parents, *they* must seek return of that sum. The U.S. Court of Appeals for the Second Circuit has found that 21 U.S.C. § 853(n) "provides the exclusive means by which a third party may lay claim to forfeited assets—after the preliminary forfeiture order has been entered." *DSI Assocs. LLC v. U.S.*, 496 F.3d 175, 183 (2d Cir. 2007). Defendant's parents, who apparently claim ownership to the $7,975.00, must follow the procedures set forth in 21 U.S.C. § 853, a copy of which is attached to this Order.

The Clerk of Court is directed to mail a copy of this Order to Alin Hanes Calugaru [20650-104], FCI Miami, Federal Correctional Institution, P.O. Box 779800, Miami, FL 33177.

Dated:  New York, New York
      May 23, 2023

SO ORDERED:

Sidney H. Stein, U.S.D.J.

---

**21 USC 853: Criminal forfeitures**
Text contains those laws in effect on May 22, 2023

**From Title 21-FOOD AND DRUGS**
    CHAPTER 13-DRUG ABUSE PREVENTION AND CONTROL
    SUBCHAPTER I-CONTROL AND ENFORCEMENT
    Part D-Offenses and Penalties
**Jump To:**
    **Source Credit**
    **Miscellaneous**
    **References In Text**
    **Amendments**
    **Effective Date**

---

# §853. Criminal forfeitures

**(a) Property subject to criminal forfeiture**

Any person convicted of a violation of this subchapter or subchapter II punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law-

    (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

    (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and

    (3) in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 848 of this title, the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

The court, in imposing sentence on such person, shall order, in addition to any other sentence imposed pursuant to this subchapter or subchapter II, that the person forfeit to the United States all property described in this subsection. In lieu of a fine otherwise authorized by this part, a defendant who derives profits or other proceeds from an offense may be fined not more than twice the gross profits or other proceeds.

**(b) Meaning of term "property"**

Property subject to criminal forfeiture under this section includes-

    (1) real property, including things growing on, affixed to, and found in land; and

    (2) tangible and intangible personal property, including rights, privileges, interests, claims, and securities.

**(c) Third party transfers**

All right, title, and interest in property described in subsection (a) vests in the United States upon the commission of the act giving rise to forfeiture under this section. Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes in a hearing pursuant to subsection (n) that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under this section.

**(d) Rebuttable presumption**

There is a rebuttable presumption at trial that any property of a person convicted of a felony under this subchapter or subchapter II is subject to forfeiture under this section if the United States establishes by a preponderance of the evidence that-

    (1) such property was acquired by such person during the period of the violation of this subchapter or subchapter II or within a reasonable time after such period; and

    (2) there was no likely source for such property other than the violation of this subchapter or subchapter II.

**(e) Protective orders**

    (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) for forfeiture under this section-

        (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section; or

        (B) prior to the filing of such an indictment or information, if, after notice to persons appearing to have an interest in the property and opportunity for a hearing, the court determines that-

(i) there is a substantial probability that the United States will prevail on the issue of forfeiture and that failure to enter the order will result in the property being destroyed, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture; and

(ii) the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order is to be entered:

*Provided, however,* That an order entered pursuant to subparagraph (B) shall be effective for not more than ninety days, unless extended by the court for good cause shown or unless an indictment or information described in subparagraph (A) has been filed.

(2) A temporary restraining order under this subsection may be entered upon application of the United States without notice or opportunity for a hearing when an information or indictment has not yet been filed with respect to the property, if the United States demonstrates that there is probable cause to believe that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section and that provision of notice will jeopardize the availability of the property for forfeiture. Such a temporary order shall expire not more than fourteen days after the date on which it is entered, unless extended for good cause shown or unless the party against whom it is entered consents to an extension for a longer period. A hearing requested concerning an order entered under this paragraph shall be held at the earliest possible time and prior to the expiration of the temporary order.

(3) The court may receive and consider, at a hearing held pursuant to this subsection, evidence and information that would be inadmissible under the Federal Rules of Evidence.

(4) ORDER TO REPATRIATE AND DEPOSIT.-

(A) IN GENERAL.-Pursuant to its authority to enter a pretrial restraining order under this section, the court may order a defendant to repatriate any property that may be seized and forfeited, and to deposit that property pending trial in the registry of the court, or with the United States Marshals Service or the Secretary of the Treasury, in an interest-bearing account, if appropriate.

(B) FAILURE TO COMPLY.-Failure to comply with an order under this subsection, or an order to repatriate property under subsection (p), shall be punishable as a civil or criminal contempt of court, and may also result in an enhancement of the sentence of the defendant under the obstruction of justice provision of the Federal Sentencing Guidelines.

**(f) Warrant of seizure**

The Government may request the issuance of a warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant. If the court determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture and that an order under subsection (e) may not be sufficient to assure the availability of the property for forfeiture, the court shall issue a warrant authorizing the seizure of such property.

**(g) Execution**

Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited. Any income accruing to or derived from property ordered forfeited under this section may be used to offset ordinary and necessary expenses to the property which are required by law, or which are necessary to protect the interests of the United States or third parties.

**(h) Disposition of property**

Following the seizure of property ordered forfeited under this section, the Attorney General shall direct the disposition of the property by sale or any other commercially feasible means, making due provision for the rights of any innocent persons. Any property right or interest not exercisable by, or transferable for value to, the United States shall expire and shall not revert to the defendant, nor shall the defendant or any person acting in concert with him or on his behalf be eligible to purchase forfeited property at any sale held by the United States. Upon application of a person, other than the defendant or a person acting in concert with him or on his behalf, the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, if the applicant demonstrates that proceeding with the sale or disposition of the property will result in irreparable injury, harm, or loss to him.

**(i) Authority of the Attorney General**

With respect to property ordered forfeited under this section, the Attorney General is authorized to-

(1) grant petitions for mitigation or remission of forfeiture, restore forfeited property to victims of a violation of this subchapter, or take any other action to protect the rights of innocent persons which is in the interest of justice and which is not inconsistent with the provisions of this section;

(2) compromise claims arising under this section;

(3) award compensation to persons providing information resulting in a forfeiture under this section;

(4) direct the disposition by the United States, in accordance with the provisions of section 881(e) of this title, of all property ordered forfeited under this section by public sale or any other commercially feasible means, making due

provision for the rights of innocent persons; and

    (5) take appropriate measures necessary to safeguard and maintain property ordered forfeited under this section pending its disposition.

**(j) Applicability of civil forfeiture provisions**

Except to the extent that they are inconsistent with the provisions of this section, the provisions of section 881(d) of this title shall apply to a criminal forfeiture under this section.

**(k) Bar on intervention**

Except as provided in subsection (n), no party claiming an interest in property subject to forfeiture under this section may-

    (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or

    (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

**(l) Jurisdiction to enter orders**

The district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section or which has been ordered forfeited under this section.

**(m) Depositions**

In order to facilitate the identification and location of property declared forfeited and to facilitate the disposition of petitions for remission or mitigation of forfeiture, after the entry of an order declaring property forfeited to the United States, the court may, upon application of the United States, order that the testimony of any witness relating to the property forfeited be taken by deposition and that any designated book, paper, document, record, recording, or other material not privileged be produced at the same time and place, in the same manner as provided for the taking of depositions under Rule 15 of the Federal Rules of Criminal Procedure.

**(n) Third party interests**

    (1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

    (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

    (3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

    (4) The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition. The court may consolidate the hearing on the petition with a hearing on any other petition filed by a person other than the defendant under this subsection.

    (5) At the hearing, the petitioner may testify and present evidence and witnesses on his own behalf, and cross-examine witnesses who appear at the hearing. The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture.

    (6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that-

    (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

    (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.

    (7) Following the court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of such petitions, the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee.

**(o) Construction**

The provisions of this section shall be liberally construed to effectuate its remedial purposes.

**(p) Forfeiture of substitute property**

**(1) In general**

Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant-

(A) cannot be located upon the exercise of due diligence;
(B) has been transferred or sold to, or deposited with, a third party;
(C) has been placed beyond the jurisdiction of the court;
(D) has been substantially diminished in value; or
(E) has been commingled with other property which cannot be divided without difficulty.

**(2) Substitute property**

In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

**(3) Return of property to jurisdiction**

In the case of property described in paragraph (1)(C), the court may, in addition to any other action authorized by this subsection, order the defendant to return the property to the jurisdiction of the court so that the property may be seized and forfeited.

**(q) Restitution for cleanup of clandestine laboratory sites**

The court, when sentencing a defendant convicted of an offense under this subchapter or subchapter II involving the manufacture, the possession, or the possession with intent to distribute, of amphetamine or methamphetamine, shall-

(1) order restitution as provided in sections 3612 and 3664 of title 18;

(2) order the defendant to reimburse the United States, the State or local government concerned, or both the United States and the State or local government concerned for the costs incurred by the United States or the State or local government concerned, as the case may be, for the cleanup associated with the manufacture of amphetamine or methamphetamine by the defendant, or on premises or in property that the defendant owns, resides, or does business in; and

(3) order restitution to any person injured as a result of the offense as provided in section 3663A of title 18.

(Pub. L. 91–513, title II, §413, as added and amended Pub. L. 98–473, title II, §§303, 2301(d)–(f), Oct. 12, 1984, 98 Stat. 2044 , 2192, 2193; Pub. L. 99–570, title I, §§1153(b), 1864, Oct. 27, 1986, 100 Stat. 3207–13 , 3207-54; Pub. L. 104–237, title II, §207, Oct. 3, 1996, 110 Stat. 3104 ; Pub. L. 106–310, div. B, title XXXVI, §3613(a), Oct. 17, 2000, 114 Stat. 1229 ; Pub. L. 107–56, title III, §319(d), Oct. 26, 2001, 115 Stat. 314 ; Pub. L. 109–177, title VII, §743(a), Mar. 9, 2006, 120 Stat. 272 ; Pub. L. 111–16, §5, May 7, 2009, 123 Stat. 1608 .)

EDITORIAL NOTES

## REFERENCES IN TEXT

The Federal Rules of Evidence, referred to in subsec. (e)(3), are set out in the Appendix to Title 28, Judiciary and Judicial Procedure.

The Federal Rules of Criminal Procedure, referred to in subsec. (m), are set out in the Appendix to Title 18, Crimes and Criminal Procedure.

## AMENDMENTS

**2009**-Subsec. (e)(2). Pub. L. 111–16 substituted "fourteen days" for "ten days".

**2006**-Subsec. (q). Pub. L. 109–177, §743(a)(1), inserted ", the possession, or the possession with intent to distribute," after "manufacture" in introductory provisions.

Subsec. (q)(2). Pub. L. 109–177, §743(a)(2), inserted ", or on premises or in property that the defendant owns, resides, or does business in" after "by the defendant".

**2001**-Subsec. (e)(4). Pub. L. 107–56, §319(d)(2), added par. (4).

Subsec. (p). Pub. L. 107–56, §319(d)(1), inserted heading and amended text of subsec. (p) generally. Prior to amendment, text read as follows: "If any of the property described in subsection (a) of this section, as a result of any act or omission of the defendant-

"(1) cannot be located upon the exercise of due diligence;

"(2) has been transferred or sold to, or deposited with, a third party;

"(3) has been placed beyond the jurisdiction of the court;

"(4) has been substantially diminished in value; or

"(5) has been commingled with other property which cannot be divided without difficulty;

the court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5)."

**2000**—Subsec. (q). Pub. L. 106–310, §3613(a)(1), (2), in introductory provisions, inserted "amphetamine or" before "methamphetamine" and substituted "shall" for "may".

Subsec. (q)(2). Pub. L. 106–310, §3613(a)(2), (3), inserted ", the State or local government concerned, or both the United States and the State or local government concerned" after "to reimburse the United States", "or the State or local government concerned, as the case may be," after "costs incurred by the United States", and "amphetamine or" before "methamphetamine".

Subsec. (q)(3). Pub. L. 106–310, §3613(a)(4), substituted "section 3663A of title 18" for "section 3663 of title 18".

**1996**—Subsec. (q). Pub. L. 104–237 added subsec. (q).

**1986**—Subsec. (c). Pub. L. 99–570, §1864(1), substituted "subsection (n)" for "subsection (o)".

Subsec. (f). Pub. L. 99–570, §1864(2), substituted "subsection (e)" for "subsection (f)".

Subsec. (i)(1). Pub. L. 99–570, §1864(3), substituted "this subchapter" for "this chapter".

Subsec. (k). Pub. L. 99–570, §1864(1), (4), which directed the substitution of "subsection (n)" for "subsection (o)" in "the second subsection (h)", and directed the redesignation of "the second subsection (h)" as subsection (k), were executed to this subsection because the "second subsection (h)" had been editorially redesignated subsec. (k) to reflect the probable intent of Congress. See 1984 Amendment note below.

Subsec. (p). Pub. L. 99–570, §1153(b), which directed that "section 413 of title II of the Comprehensive Drug Abuse Prevention and Control Act of 1975" be amended "by redesignating subsection '(p)' as subsection '(q)' " and adding subsec. (p) was executed to this section, which is section 413 of the Comprehensive Drug Abuse Prevention and Control Act of 1970, as the probable intent of Congress, by adding a subsec. (p) in view of the prior redesignation of subsec. (p) as (o) by Pub. L. 98–473, §2301(e)(2). See 1984 Amendment note below.

**1984**—Subsec. (a). Pub. L. 98–473, §2301(d), inserted "In lieu of a fine otherwise authorized by this part, a defendant who derives profits or other proceeds from an offense be fined not more than twice the gross profits or other proceeds."

Subsec. (d). Pub. L. 98–473, §2301(e), struck out subsec. (d) which related to forfeiture of property other than that described in subsec. (a) and the conditions therefor, and redesignated former subsec. (e) as (d).

Subsecs. (e) to (p). Pub. L. 98–473, §2301(e)(2), which directed that this section be amended by redesignating subsecs. (e), (f), (g), (h), (i), (l), (m), (n), (o), and (p) as subsecs. (d), (e), (f), (g), (h), (i), (j), (h), (l), (m), (n), and (o), respectively, was executed by redesignating subsecs. (e) to (p) as (d) to (o), respectively, to give effect to the probable intent of Congress.

Subsec. (n)(1). Pub. L. 98–473, §2301(f), struck out "for at least seven successive court days" after "to dispose of the property".

S̲ᴛᴀᴛᴜᴛᴏʀʏ N̲ᴏᴛᴇꜱ ᴀɴᴅ R̲ᴇʟᴀᴛᴇᴅ S̲ᴜʙꜱɪᴅɪᴀʀɪᴇꜱ

## E̲ꜰꜰᴇᴄᴛɪᴠᴇ D̲ᴀᴛᴇ ᴏꜰ 2009 A̲ᴍᴇɴᴅᴍᴇɴᴛ

Amendment by Pub. L. 111–16 effective Dec. 1, 2009, see section 7 of Pub. L. 111–16, set out as a note under section 109 of Title 11, Bankruptcy.

## S̲ᴀᴠɪɴɢꜱ C̲ʟᴀᴜꜱᴇ

Pub. L. 109–177, title VII, §743(b), Mar. 9, 2006, 120 Stat. 273 , provided that: "Nothing in this section [amending this section] shall be interpreted or construed to amend, alter, or otherwise affect the obligations, liabilities and other responsibilities of any person under any Federal or State environmental laws."