UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES, | |
| Plaintiff, | |
| -against- | 19-cr-0651 (SHS) |
| ALIN HANES CALUGARU, | |
| Defendant. | Memorandum & Order |

SIDNEY H. STEIN, U.S. District Judge.

In November 2022, defendant Alin Hanes Calugaru was sentenced by this Court principally to 71 months imprisonment after pleading guilty to conspiracy to commit wire and bank fraud pursuant to 18 U.S.C. § 1349 and aggravated identity theft pursuant to 18 U.S.C. § 1028. (ECF No. 1283.) In a *pro se* letter dated October 24, 2023, Calugaru claims that the U.S. Bureau of Prisons ("BOP") has incorrectly credited his time under the First Step Act ("FSA"). (ECF No. 1482.) Specifically, Calugaru claims, "From January 19 until May 15 of this year I have 119 programming days disallowed because of some incomplete needs areas." (*Id.* at 2.) This is largely confirmed by the "FSA Time Credit Assessment" attached to Calugaru's letter, which shows 117 disallowed days due to four "Missing Need Area(s)" during that period. (*Id.* at 12.) Calugaru claims that those days were erroneously disallowed from the computation of his credits and requests the Court's assistance in correcting that alleged error. (*Id.* at 2-5.) Calugaru provides no documentation to support his argument that the 117 days were improperly disallowed.

The calculation of a defendant's release date, including credits, is firmly committed to the BOP. *See United States v. Aller*, No. 00-cr-977, 2021 U.S. Dist. LEXIS 22370, at *1 (S.D.N.Y. Feb. 5, 2021); *United States v. Wheeler*, No. 1:20-cr-492, 2022 U.S. Dist. LEXIS 207325, at *4 (S.D.N.Y. Nov. 15, 2022) ("The calculation of a sentence lies within the authority of the BOP."); *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through BOP, has the responsibility for administering the sentence.") In order to contest that calculation, Calugaru must first exhaust his administrative remedies within the BOP pursuant to the Administrative Remedy Program set forth in 28 CFR §§ 542.10-542.19. *See Wilson*, 503 U.S. at 335; *Martinez v. United States*, 19 F.3d 97, 99 (2d Cir. 1994) (holding that a prisoner challenging the computation of his sentence must first "exhaust administrative remedies" within the BOP "prior to seeking relief in the district court for sentencing credit"). Once a defendant's administrative remedies have been

exhausted, he may file a petition pursuant to 28 U.S.C. § 2241 challenging the BOP's calculation. *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001); *Aller*, 2021 U.S. Dist. LEXIS 22370 at *2.

Calugaru does not appear to have exhausted his administrative remedies. While he claims the administrative remedy process has commenced (ECF No. 1482 at 3), he does not proffer that the Administrative Remedy Program requirements—including appeals to the BOP Regional Director and General Counsel—have been exhausted.

In any event, even if Calugaru had exhausted his administrative remedies, any petition brought by him under 28 U.S.C. § 2241 must be brought in the federal district where the defendant is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *United States v. Crews*, No. S5 13 CR 835-1, 2023 U.S. Dist. LEXIS 115283, at *8 (S.D.N.Y. July 5, 2023) ("[T]he venue for [a Section 2241] challenge is the federal district where the defendant is incarcerated."). Because Calugaru is incarcerated at FCI Miami, which is located within the Southern District of Florida, this Court would lack jurisdiction over any Section 2241 claim.

Accordingly, Calugaru's request that this Court order the BOP to recalculate his credits (ECF No. 1482) is DENIED. The Clerk of Court is directed to mail a copy of this Order to Alin Hanes Calugaru [20650-104], FCI Miami, Federal Correctional Institution, P.O. Box 779800, Miami, FL 33177.

Dated: New York, New York
November 15, 2023

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.